Judge Simpson
delivered the opinion of the Court.
Thornton recovered a judgment at law against Craddock, the benefit of which he assigned to Dearborn.
Lilly had a claim against Thornton for money he had paid as his surety. He transferred the claim to Craddock prior to the time that Thornton made the assignment to Dearborn.
Craddock exhibited this bill in chancery asserting the claim assigned to him by Lilly as a set-off against the judgment at law, on the ground that Thornton was insolvent, and that a Court of equity independent of that fact, had jurisdiction of the demand, it being for money paid by a surety. Thornton, Lilly, and Dearborn were all made defendants to his bill.
Dearborn in his answer contended that Thornton was not indebted to Lilly at the time the latter made the transfer to the complainant, and in relation to that matter, he took the deposition of his co-defendant Thornton. Craddock excepted to the deposition of Thornton upon the ground that the witness was inter *101 ested in the result of the suit; but his exception was overruled by the Court.
Smith for plaintiff; Gurry for defendant.
The competency of this witness is the main question in the case. He was released by Dearborn from all liability to him on the assignment; but it is contended that he was still liable for the costs of the suit, and to that extent interested in preventing the complainant from succeeding in the establishment of his claim.
His testimony was not offered in his own favor, but .in behalf of Dearborn. He had no interest in the result of that branch of the controversy, nor did its termination in favor of Dearborn necessarily exempt the witness from the payment of costs. As his deposition, was not admissible to. sustain the defence ,he relied upon, the complainant unless thq other testimony was sufficient for that purpose, had a right to a decree against him not only for the costs of the suit, but also> for the amount of the claim transferred to him by Lilly ; although Dearborn sustained his defence, and defeated the purpose of the complainant, to apply the claim as a set-off against the judgment at law. We think therefore, the exception to the deposition was-properly overruled.
And taking the testimony of Thornton in connection with the other evidence in the cause, we concur in opinion with the Circuit Judge that Dearborn fully established his defense, by proving that Thornton did not owe Lilly any thing at the time the latter made, the transfer to the complainant. But as the aid of Thornton’s testimony was necessary to establish that fact, the complainant had a right to a decree against Thornton, although he failed to obtain a set-off against the judgment at law which had been assigned to Dearborn. The plaintiff in error, however, has not complained of the omission of the Court to render a decree in his favor against Thornton, or relied upon it in his assignment of errors.
Wherefore the decree is affirmed.
Mortgage by McKee to Green & Kennard.